IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. DNCW3:11CR53 |
| | ) | (Financial Litigation Unit) |
| ANDRE F. BARRETT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KUESTER MANAGEMENT GROUP, LLC, | ) | |
| Garnishee. | ) | |

ORDER OF CONTINUING GARNISHMENT

THIS MATTER is before the Court on the Answer of Kuester Management Group, LLC, as Garnishee. On April 20, 2005, Defendant Andre F. Barrett was sentenced in Case Number 5:04CR331 in the United States District Court for the Eastern District of North Carolina to seventy-six months incarceration for his conviction of Mail Fraud and Aiding and Abetting, and Embezzlement of Government Funds and Aiding and Abetting, in violation of 18 U.S.C. §§ 2, 641, and 1341. Judgment in the case was filed on April 20, 2005, and transferred to the Western District of North Carolina as Case Number DNCW3:11CR53 on March 4, 2011 (Docket No. 1). As part of that Judgment, Defendant was ordered to pay an assessment of $200 and restitution of $2,084,610.36 to the victims of the crime. Id.

On January 16, 2013, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 4) to Garnishee, Kuester Management Group, LLC ("Garnishee"). The United States is entitled to a wage garnishment of up to 25% of net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673. Garnishee was served with the Writ on January 18, 2013. Defendant was served with the Writ on March 5, 2013. Garnishee filed an Answer on January 28, 2013 (Docket No. 7)

stating that at the time of the service of the Writ, Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt disposable earnings. The Answer further stated that Defendant's wages are currently being garnished for delinquent North Carolina State taxes. The North Carolina State tax garnishment is for 10% of Defendant's wages per pay period.

State and federal tax garnishments are not subject to the same percentage limitations as other types of garnishments. See 15 U.S.C. § 1673.

The United States requests that, after all deductions required by law have been withheld and after the North Carolina State tax garnishment has been applied, any remaining funds up to 25% of Defendant's net earnings be applied to the United States' garnishment, and that the United States' garnishment take immediate effect.

IT IS THEREFORE ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $2,077,077.89 computed through January 11, 2013. Garnishee will pay the United States up to 25% of Defendant's net earnings which remain after all deductions required by law have been withheld, and after the existing North Carolina State tax garnishment has been applied, and 100% of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further order of this Court.

IT IS FURTHER ORDERED that upon full satisfaction of Defendant's delinquent North Carolina State tax debt, the Garnishee will pay the United States 25% of Defendant's net earnings which remain after all deductions required by law have been withheld, and 100% of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full,

or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, North Carolina 28202. In order to ensure that each payment is credited properly, the following information should be included on each check: Court Number DNCW3:11CR53.

Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program any federal payment Defendant would normally receive may be offset and applied to this debt.

Signed: March 28, 2013

David C. Keesler
United States Magistrate Judge